IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-88-D-BM

| | |
|---|---|
| ELLIS R. PATTERSON-EL and<br>GRETCHEN PATTERSON-EL,<br><br>    Plaintiffs,<br><br>  v.<br><br>COUNTY OF CUMBERLAND, et al,<br><br>    Defendants. | **ORDER and<br>MEMORANDUM AND<br>RECOMMENDATION** |

This *pro se* case is before the court on the motions by plaintiffs Ellis R. Patterson-El and Gretchen A. Patterson-El (collectively "plaintiffs") to proceed *in forma pauperis* [DE-2, -10, -11]. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1) regarding plaintiffs' motions to proceed *in forma pauperis* [DE-10, -11], to determine whether plaintiffs have corrected their filing deficiencies, and for a frivolity review of the complaint [DE-1] pursuant to 28 U.S.C. § 1915. *See* [DE-13].

For the reasons discussed below, the undersigned finds that plaintiffs have partially complied with the court's deficiency order [DE-5]. Based on plaintiffs' amended filings, the court finds that plaintiffs have demonstrated appropriate evidence of their inability to pay the required court costs, and the applications to proceed *in forma pauperis* will be ALLOWED. However, for the reasons set forth below, the undersigned RECOMMENDS that the court DISMISS plaintiffs' complaint [DE-1] as frivolous and for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

**PROCEDURAL BACKGROUND**

On February 22, 2023, plaintiffs commenced this action by filing a complaint [DE-1] and

an application to proceed *in forma pauperis* [DE-2]. United States District Judge James C. Dever III issued a deficiency order [DE-5] on March 22, 2023 ("deficiency order"), directing *pro se* plaintiffs to correct filing deficiencies by filing separate (i) applications to proceed without prepayment of fees, (ii) financial disclosure statements, and (iii) notices of self-representation. Plaintiffs were also directed to file proposed summonses for all of the necessary parties for service of this action. [DE-5]. On April 3, 2023, plaintiffs filed additional documents [DE-6, -7, -8, -9, -10, -11, -12] in response to the court's deficiency order.

On February 26, 2024, plaintiffs filed affidavits entitled "Rebuttal of Presumptions" [DE-14] (the "Affidavits"), which the court liberally construes as attempts to amend or supplement their complaint.[1]

## **DEFICIENCY FINDINGS**

In response to the court's deficiency order noted above [DE-5], plaintiffs corrected their deficiencies regarding their respective (i) applications to proceed *in forma pauperis* [DE-10, -11]; (ii) financial disclosure statements [DE-6, -7]; and (iii) notices of self-representation [DE-8, -9].

However, plaintiffs' proposed summons are addressed to "Dr. Toni Stewart/Chairwoman" and "Mitch Colvin/mayor" [DE-12] ostensibly as *de facto* process agents for the County of Cumberland and the City of Fayetteville, respectively. Plaintiffs do not include a proposed summons for either of defendants David B. Craig or Clerk of Superior Court Lisa Scales. However, the court need not determine whether this failure would constitute an independent ground for dismissal, because even if this deficiency were to be corrected, undersigned would recommend dismissal of plaintiffs' complaint for the reasons discussed below.

---

[1] Accordingly, all references herein to the "complaint" refer to the original complaint [DE-1], as amended and supplemented by the Affidavits [DE-14].

## ORDER ON *IN FORMA PAUPERIS* APPLICATION

To qualify for *in forma pauperis* status, a plaintiff must show that he "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted). Based on the information in the amended applications to proceed *in forma pauperis* [DE-10, -11], the court finds that each plaintiff has adequately demonstrated the inability to prepay the required court costs. The court therefore ALLOWS plaintiffs' amended applications to proceed *in forma pauperis* [DE-10, -11], and DENIES AS MOOT the original application to proceed *in forma pauperis* [DE-2].

## MEMORANDUM AND RECOMMENDATION ON FRIVOLITY REVIEW

### I. PLAINTIFFS' ALLEGATIONS

Plaintiffs assert claims against four defendants, (1) County of Cumberland, (2) City of Fayetteville, (3) North Carolina Attorney David B. Craig ("Mr. Craig"), and (4) Clerk of Superior Court Lisa Scales ("Ms. Scales"), that appear to arise from plaintiffs' state court proceedings. [DE-1] at 2-3.

According to plaintiffs' complaint, on October 25, 2011, Mr. Craig, an "attorney representing . . . County of Cumberland and The City of Fayetteville," was appointed by Ms. Scales to sell the plaintiffs' "real property at public auction for cash to the highest bidder" after the "foreclosure of the lien for taxes due . . . upon [plaintiffs'] real property." [DE-1] at 2. On December 12, 2011, Mr. Craig sold said property to the highest bidders for "$17,115.00," thereby "barr[ing] and forever foreclos[ing]" the property to the plaintiffs. *Id.* at 2-3. The deed conveying plaintiffs' former property was filed with the Cumberland County Register of Deeds on January

12, 2012. *Id.* at 3.

The Affidavits include a lengthy discourse on the plaintiffs' respective domicile and citizenship. *See generally* [DE-14]. Specifically, while the Affidavits note that the plaintiffs are "American National[s]" and were born in Louisiana ([DE-14] at 2 ¶1; 5 ¶1), plaintiffs "formally rebut the presumption of citizen of the United States, and the state wherein they reside" (*id.* at 3 ¶3; 6 ¶4).

Plaintiffs contend that defendants "acted under color of law, depriving the plaintiffs of property without due process of law, therefore violating their oath and the 14th amendment of the U.S. Constitution." [DE-1] at 3-4. Plaintiffs further allege that "[t]his action is directly responsible for the plaintiffs [sic] injuries causing irreparable damages." *Id.* at 4. In response, plaintiffs seek "[c]ompensatory [d]amages for loss and injuries incurred and [p]unitive damages due for the willful or wanton conduct of the defendants." *Id.* at 4.

## II. APPLICABLE LEGAL STANDARDS FOR FRIVOLITY REVIEW

After allowing a party to proceed *in forma pauperis*, as here, the court must conduct a frivolity review of the case pursuant to 28 U.S.C. § 1915(e)(2)(B). In such a review, the court must determine whether the action is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief from an immune defendant, and is thereby subject to dismissal. 28 U.S.C. § 1915(e)(2)(B); *see Denton v. Hernandez*, 504 U.S. 25, 31-33 (1992) (standard for frivolousness). A case is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).

In evaluating frivolity specifically, a pro se plaintiff's pleadings are held to "less stringent standards" than those drafted by attorneys. *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989).

4

Nonetheless, the court is not required to accept a pro se plaintiff's contentions as true. *Denton*, 504 U.S. at 32. The court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. Such baseless claims include those that describe "fantastic or delusional scenarios." *Id.* at 328. Provided that a plaintiff's claims are not clearly baseless, the court must weigh the factual allegations in plaintiff's favor in its frivolity analysis. *Denton*, 504 U.S. at 32. The court must read the complaint carefully to determine if a plaintiff has alleged specific facts sufficient to support the claims asserted. *White*, 886 F.2d at 724.

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction . . . [and] a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). Case law explains that the factual allegations in the complaint must create more than a mere possibility of misconduct. *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190-91 (4th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Likewise, a complaint is insufficient if it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007) (alterations in original) (internal quotation marks omitted)).

A court may also consider subject matter jurisdiction as part of the frivolity review. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure"); *Hill v. Se. Reg'l Med. Ctr.,* No. 7:19-CV-60-BO, 2019 WL 7041893, at *2 (E.D.N.C. Oct. 21,

2019), *mem. & recomm. adopted*, No. 7:19-CV-60-BO, 2019 WL 7163434 (E.D.N.C. Dec. 20, 2019), *aff'd*, 818 F. App'x 261 (4th Cir. 2020) (discussing the lack of federal question jurisdiction and diversity jurisdiction during frivolity review as a basis for dismissal). "Federal courts are courts of limited jurisdiction and are empowered to act only in those specific instances authorized by Congress." *Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968). The presumption is that a federal court lacks jurisdiction in a particular case unless it is demonstrated that jurisdiction exists. *Lehigh Min. & Mfg. Co. v. Kelly*, 160 U.S. 327, 337 (1895). The burden of establishing subject matter jurisdiction rests on the party invoking jurisdiction, here, the plaintiffs. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) ("The burden of proving subject matter jurisdiction . . . is on the plaintiff, the party asserting jurisdiction."). The complaint must affirmatively allege the grounds for jurisdiction. *Bowman*, 388 F.2d at 760. If the court determines that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

### III. ANALYSIS

Having granted plaintiffs' applications to proceed *in forma pauperis*, the court must now undertake the frivolity review of this case pursuant to 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B), a court shall dismiss a case if the action is: "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

The undersigned finds that plaintiffs' complaint is subject to dismissal based on one or more of the following grounds: (1) the *Rooker-Feldman* doctrine, (2) failure to state a 42 U.S.C. § 1983 claim, and (3) deficient pleadings. Each ground is addressed in turn below.

A.  *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine bars federal courts from sitting in direct review of state court decisions. *District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). "[T]he *Rooker-Feldman* doctrine applies only when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." *Davani v. Virginia Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)). This doctrine also prohibits a district court from reviewing constitutional claims that are "inextricably intertwined" with a state court decision. *Shooting Point, LLC v. Cumming*, 368 F.3d 379, 383 (4th Cir. 2004). A constitutional claim is "inextricably intertwined" with a state court decision if "'success on the federal claim depends upon a determination that the state court wrongly decided the issues before it.'" *Id*. (quoting *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997)); *see also Curley v. Adams Creek Assocs.*, 409 F. App'x 678, 680 (4th Cir. 2011) (holding that *Rooker-Feldman* precluded subject matter jurisdiction over plaintiff's claim that the state court violated her due process rights by failing to give her notice before disposing of real property owned by her); *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202 (4th Cir. 1997) (holding that a federal claim is "'inextricably intertwined' where 'in order to grant the federal plaintiff the relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual.'" (quoting *Ernst v. Child and Youth Servs.*, 108 F.3d 486, 491 (3d Cir. 1997))).

In other words, *Rooker-Feldman* applies "when the federal action 'essentially amounts to nothing more than an attempt to seek review of [the state court's] decision by a lower federal court.'" *Davis v. Durham Mental Health Devel. Disabilities Substance Abuse Area Auth.*, 320 F.

Supp. 2d 378, 388 (M.D.N.C. 2004) (quoting *Plyer v. Moore*, 129 F.3d 728, 733 (4th Cir. 1997)). "The key inquiry is not whether the state court ruled on the precise issue raised in federal court, but whether the 'state-court loser who files suit in federal court seeks redress for an injury caused by the state-court decision itself.'" *Willner v. Frey*, 243 F. App'x 744, 747 (4th Cir. 2007) (quoting *Davani*, 434 F.3d at 718). "'[A] party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 198 (4th Cir. 2000) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)).

Here, plaintiffs' requested relief rests on the proposition that the state court proceedings were flawed. *See* [DE-1] at 3 ("The duty was breached by the [state] public officials when they acted under color of law, depriving the plaintiffs of property without due process of law . . . ."). Specifically, determination of any claim relating to plaintiffs' state foreclosure proceedings in their favor would require this court to find that the completed foreclosure was conducted in an improper manner, produced an improper result, or both. The *Rooker-Feldman* doctrine prohibits this court from making such a determination. Plaintiffs, of course, retain access to any appeal rights legally available to them in state courts. *See Oliver v. Va. Bd. of Bar Exam'rs*, 312 F. Supp. 3d 515, 525 (E.D. Va. 2018), *app. dismissed*, 2018 WL 6192209 (4th Cir. 2018); *see also Zatarain v. WDSU-Television, Inc.*, 79 F.3d 1143, 1996 WL 97105, at *3 (5th Cir. 1996).

Because the *Rooker-Feldman* doctrine is implicated by plaintiffs' claim challenging the foreclosure proceedings, such claims are subject to dismissal for lack of subject matter jurisdiction. *See*, *e.g.*, *Jones v. Wells Fargo Bank, N.A.*, No. CV 6:17-2486-BHH, 2018 WL 4203672, at *2

(D.S.C. Sept. 4, 2018) ("It is abundantly clear both that Plaintiff's instant claims are 'inextricably intertwined' with the state court foreclosure matters, and that the vast majority of specific issues he raises have already been 'actually decided' in the state court cases." (quoting *Breckenridge*, 211 F.3d at 198)); *Carmichael v. Irwin Mort. Corp.,* No. 5:14–CV–122–D, 2014 WL 7205099, at *3 (E.D.N.C. Dec. 17, 2014) ("This court, however, lacks subject-matter jurisdiction to sit in direct review of a North Carolina state foreclosure action."); *Everette v. Peele,* No. 5:14–CV–213–BO, 2014 WL 4961099, at *3 (E.D.N.C. July 28, 2014) ("Although Plaintiff is not explicitly requesting that the court vacate or 'undo' the state court's judgment of foreclosure, to grant relief on this claim would require a finding that the state court's judgment was in error . . . [, and] this claim should be dismissed as barred by the *Rooker-Feldman* doctrine."), *mem. & recomm. adopted*, 2014 WL 4961102, at *1 (Oct. 3, 2014).

Accordingly, the undersigned RECOMMENDS that plaintiffs' complaint [DE-1] be DISMISSED.

**B.     Failure to State a Claim Under 42 U.S.C. § 1983**

Even if the *Rooker-Feldman* doctrine did not apply, plaintiffs' claims would be time-barred by the North Carolina statute of limitations governing 42 U.S.C § 1983 claims.

42 U.S.C § 1983 imposes liability on anyone "who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia" deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "§ 1983 is not 'a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes.'" *Lambert v. Williams*, 223 F.3d 257, 260 (4th Cir. 2000) (quoting *Baker v. McCollan*,

9

443 U.S. 137, 144 (1979)). "To state a claim under § 1983, a plaintiff must allege facts to support the following findings: (1) that he has been deprived of a federal right; and (2) that the person who deprived him of his federal right did so under color of state law." *Vaughan v. Foltz*, No. 2:16-CV-61-FL, 2017 WL 9480142, at *3 (E.D.N.C. May 8, 2017) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)); *see also West v. Atkins*, 487 U.S. 42, 49-50 (1988).

A district court may consider a statute of limitations defense *sua sponte* when reviewing a complaint filed *in forma pauperis* pursuant to 28 U.S.C. § 1915. *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006) (citing *Nasim v. Warden, Md. House of Correction*, 64 F.3d 951, 953–54 (4th Cir.1995)). "There is no statute of limitations provided in § 1983; rather, federal courts apply the forum state's 'most analogous' statute of limitations, generally the statute applicable to personal injury actions." *Fayemi v. Offerman*, 99 F. App'x 480, 481 (4th Cir. June 2, 2004) (unpublished) (citing *Owens v. Okure*, 488 U.S. 235 (1989). In North Carolina, there is a three year statute of limitations for actions under 42 U.S.C. §1983. *Love v. Alamance Cnty. Bd. of Educ.*, 757 F.2d 1504, 1506 (4th Cir. 1985) (citing N.C. Gen. Stat. § 1–52(5)).

Here, plaintiffs assert that their property was foreclosed by the state on October 25, 2011, and conveyed on January 12, 2012, but filed their claim on February 22, 2023. [DE-1] at 1-3. Plaintiffs have not alleged any facts that could be construed as tolling the statute of limitations. *See generally* [DE-1]. Therefore, plaintiffs' § 1983 claim is approximately twelve years old and is barred by North Carolina's three-year statute of limitations. *See Iannucci v. Alstate Process Serv., Inc.*, No. 1:06CV30, 2006 WL 2792228, at *10-11 (W.D.N.C. Sept. 27, 2006) (holding that a § 1983 claim based on a foreclosure proceeding was time-barred by the three-year statute of limitations).

Accordingly, plaintiffs' claims are time-barred, and the undersigned RECOMMENDS that the court DISMISS plaintiff's complaint [DE-1] additionally for this reason.

**C.     Deficient Pleadings**

Finally, plaintiffs' deficient pleadings subject their claims to dismissal as well. While *pro se* litigants are entitled to leniency, such leniency is not without bounds. *See Holder v. U.S. Marshals Office*, No. 5:16-CV-00145-FL, 2016 WL 3919502, at *1 (E.D.N.C. 17 May 2016) ("[T]he principles requiring generous construction of *pro se* complaints are not without limits . . . ."), *mem. & recomm. adopted*, 2016 WL 3920213 (July 15, 2016).

Here, the entirety of plaintiffs' complaint consists of what seems to be the copied text of the foreclosure order, along with a request for compensatory damages for "depriving the plaintiffs of property without due process of law." [DE-1] at 3. Nowhere do plaintiffs allege any facts supporting the claim that the foreclosure proceeding violated plaintiffs' due process rights. *See generally* [DE-1]. *Myers v. CFG Cmty. Bank*, No. CV CCB-16-3098, 2016 WL 4945009, at *2 (D. Md. Sept. 16, 2016) ("Where the essence of a complaint concerns a foreclosure action, [a plaintiff may fail to state a federal question] if the plaintiff asserts a due process violation.") (collecting cases).

To the extent that plaintiffs' claims, particularly in the Affidavits, are based on so-called "sovereign citizen" or comparable theories, such principles have been summarily rejected. *See Pleasant-Bey v. City of Baltimore*, No. CV DKC-16-3879, 2016 WL 7491624, at *2 (D. Md. Dec. 30, 2016), *aff'd*, 690 F. App'x 115 (4th Cir. 2017) (noting consistent rejection of the sovereign citizen argument that "citizenship is grounded in a contract between each citizen and the federal government—a contract that may be cancelled by renouncing citizenship."); *El v. Long*, No. 3:22-CV-287-KAC-JEM, 2023 WL 8115770, at *2 (E.D. Tenn. Nov. 22, 2023) (rejecting claims based

11

on plaintiff's assertion that he is a sovereign citizen in the context of, *inter alia*, a due process violation allegedly resulting from a foreclosure proceeding).

Because of these deficiencies, plaintiffs' complaint fails to state a claim upon which relief can be granted and subjects it to dismissal on that ground. *See Fetherson v. Blackmon*, No. CV 0:16-3189-JFA-PJG, 2017 WL 1365114, at *2 (D.S.C. 9 Feb. 2017) (recommending dismissing as frivolous claims against defendant that are "conclusory and lack supporting facts"), *report and recomm. adopted*, No. CV 0:16-3189-JFA-PJG, 2017 WL 1344616 (D.S.C. Apr. 12, 2017).

## CONCLUSION

For the reasons set forth above, the undersigned RECOMMENDS that the court DISMISS plaintiffs' complaint [DE-1] as frivolous and for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

IT IS DIRECTED that a copy of this Order and Memorandum and Recommendation be served on plaintiffs or, if represented, their counsel. Plaintiffs shall have until **November 26, 2024**, to file written objections to this Memorandum and Recommendation. The presiding district judge must conduct his own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See*, *e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and

Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar plaintiffs from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. See *Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

Submitted, this 7th day of November, 2024.

_____
Brian S. Meyers
United States Magistrate Judge